UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| ADRIAN PEELER,<br>    *Plaintiff*,<br>    *v.*<br>UNITED STATES DEPARTMENT OF JUSTICE,<br>DRUG ENFORCEMENT AGENCY,<br>    *Defendant*. | Civil No. 3:11cv1261 (JBA)<br><br>August 15, 2013 |
|---|---|

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Adrian Peeler filed suit against Defendant Drug Enforcement Administration ("DEA"), alleging violations of the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendant now moves for summary judgment [Doc. # 27] pursuant to Federal Rule of Civil Procedure 56, arguing that it has fully satisfied its obligations under the FOIA. For the reasons that follow, Defendant's motion will be granted.

**I. Factual Background**[1]

On April 30, 2010, Plaintiff submitted a FOIA request to the DEA in which he sought "any and all records in connection with" DEA case number CV 99-0008. (Pl.'s

---

[1] The facts are taken from Defendant's Local Rule 56(a)1 Statement and attached exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement, and to indicate whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. *See* Loc. R. 56(a)2 & 56(a)3.

Because Plaintiff failed to comply with the requirements of Local Rule 56 in that he failed to submit a Local Rule 56(a)2 Statement, and he neither admitted nor denied the statements of fact in Defendant's Local Rule 56(a)1 Statement, all material facts in Defendants' Local Rule 56(a)1 Statement that are supported by evidence are deemed admitted.

Apr. 30, 2010 Letter, Ex. A to Little Decl. [Doc # 28]).[2] Defendant eventually located approximately forty-one pages of records responsive to Plaintiff's request. (Little Decl. ¶ 59; Pl.'s Opp'n [Doc # 34-1] at 1.) On January 10, 2012, Plaintiff submitted a supplemental request for records via letter in which he requested all calls from phone numbers 203-772-9653 and 203-373-0780. (Jan. 10, 2012 Letter, Ex. K to Little Decl.) Defendant determined that some of the requests were not proper under the FOIA. (Little Decl. ¶ 30.)

The DEA maintains criminal investigative files in the DEA Investigative Reporting and Filing System ("IRFS"). (*Id.* ¶ 43.) All information contained in the file that would be responsive to Plaintiff's FOIA request is criminal investigatory data for law enforcement purposes. (*Id.* ¶ 45.) The DEA maintains telephone records related to its criminal investigations in the DEA IRFS and "DEA Tolls" database. (*Id.* ¶ 49.) The DEA Tolls is a database that compiles telephone numbers, records of incoming and outgoing calls, telephone subscriber records, and email data. (*Id.* ¶ 50.) The tolls database may be searched electronically by telephone number, name, and address. (*Id.*) In response to Plaintiff's FOIA request, Defendant searched the database using the phone number 203-373-0780 and did not locate any call records responsive to Plaintiff's request. (*Id.* ¶ 51.) However, telephone toll information is destroyed ten years "after the information is entered into the DEA Tolls system in accordance with a National Archives and Records Administration disposal schedule." (*Id.* ¶ 51.)

---

[2] In April 1999, Plaintiff was indicted on federal narcotics charges and charged with the homicides of an eight-year old boy and his mother who had been slated to testify as witnesses against Plaintiff's brother. (*See* Press Release, Ex. C to Boseker Decl. [Doc # 28].) The requested records relate to the investigation that culminated in those charges.

2

The DEA Narcotics and Dangerous Drugs Information System ("NADDIS") is the index Defendant uses to identify investigative case files and their contents. (*Id.* ¶ 46.) The records in NADDIS can be located by using a name, date of birth, and social security number. (*Id.* ¶ 46.) In response to Plaintiff's request Defendant searched the NADDIS database using Plaintiff's name, date of birth and social security number. (*Id.* ¶ 47.) The search returned criminal investigation file CV–99–0008, which was the same case number that appeared in Plaintiff's FOIA request and was the only file identified as containing information pertaining to Plaintiff. (*Id.* ¶ 47.) The NADDIS database can also retrieve information on telephone numbers. (*Id.* ¶ 55.) On May 17, 2012, a NADDIS query indicated that the telephone number 203–373–0780 was associated only with DEA investigative file number CV–99–0008. (*Id.* ¶ 56.) Phone number 203–772–9653 was not associated with any investigative file. (*Id.*)

Although the DEA office in Bridgeport conducted an electronic search of their files and forwarded the located files to the DEA Freedom of Information Operations Unit ("SARF"), the office was unable to locate the hard copy of the investigative case file in its initial search on December 21, 2010. (*Id.* ¶ 54.) In September 2011, the Bridgeport office located the hard copy of the case file in long–term storage and forwarded the files to Attorney Little's office where he personally conducted a search, processed the documents, and made a supplemental release to Plaintiff on October 27, 2011. (Oct. 27, 2011 Letter, Ex. J to Little Decl.; Little Decl. ¶ 54.) Attorney Little did not locate any record of telephone calls to or from 203–373–0780 or 203–772–9653 contained in investigative file CV–99–0008. (Little Decl. ¶ 57.)

Plaintiff, via his January 10, 2012 letter, further supplemented his original request by seeking the "complete 'Calls Database Listing,' 'Common Call Matrix,' and 'Hot

3

Number List.'" (Jan. 10, 2012 Letter, Ex. K to Little Decl.) These requested items are intelligence products that are created in the course of an investigation and unless retained in the case file, no record, listing, or matrix is retained. (Little Decl. ¶ 31.) Defendant was unable to locate any of the requested items in the electronic case file or office files at the Bridgeport office. (*Id.* ¶ 32.)

On May 21, 2012, Defendant forwarded three pages of responsive documents to the Executive Office for the United States Attorneys ("EOUSA") in order for that office to give a response to Plaintiff. (EOUSA Letter, Ex. L to Little Decl.; Little Decl. ¶ 24.) On the same day, Defendant referred two pages of responsive documents to the United States Marshals Service ("USMS") for a direct response to Plaintiff. (USMS Letter, Ex. M to Little Decl.; Little Decl. ¶ 25.) On May 22, 2012, Defendant referred two pages of responsive documents to the FBI for a direct response to Plaintiff. (FBI Letter, Ex. N to Little Decl.; Little Decl. ¶ 26.)

On May, 30, 2012 the USMS released portions of the two pages to Plaintiff, withholding the names and information pertaining to third parties. (USMS Disclosure, Ex. O to Little Decl.; Little Decl. ¶ 27.) On June 28, the EOUSA released five pages in full and two pages in part to Plaintiff. (EOUSA Disclosure, Ex. B to Boseker Decl.; Boseker Decl. ¶ 7.) The FBI released portions of the two pages to Plaintiff by letter on September 4, 2012, withholding the names and information of third parties. (FBI Disclosure, Ex. P to Little Decl.; Little Decl. ¶ 28.)

**II. Discussion**[3]

Defendant moves for summary judgment on the basis that it has satisfied its FOIA obligations. In opposition to Defendant's motion, Plaintiff argues that (1) Defendant's search was not adequate, (2) that Defendant improperly withheld information under 5 U.S.C. § 552(b)(7), and (3) the responsive records were not reasonably segregated.

**A. FOIA Standards**

The Freedom of Information Act was enacted "to promote honest and open government and to assure the existence of an informed citizenry to hold the governors accountable to the governed." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999). The FOIA requires that the responding agency "(1) conduct an adequate

---

[3]The Standard for Summary Judgment in FOIA Cases is well defined in this Circuit.
> In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA. Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden. Affidavits submitted by an agency are "accorded a presumption of good faith," [and,] accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits.
>
> In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.

*Adamowicz v. I.R.S.*, 672 F. Supp. 2d 454, 461 (S.D.N.Y. 2009) *aff'd*, 402 F. App'x 648 (2d Cir. 2010) (citing *Carney v. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir. 1994) (citations and internal quotation marks omitted)).

search using reasonable efforts, (2) provide the information requested, unless it falls within a FOIA exemption, and (3) provide any information that can reasonably be segregated from the exempt information." *Kaminsky v. Nat'l Aeronautics & Space Admin.*, 08CV3313(ARR)(LB), 2010 WL 276184, at *5 (E.D.N.Y. Jan. 19, 2010) *aff'd*, 402 F. App'x 617 (2d Cir. 2010).

When the government moves for summary judgment, "the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney*, 19 F.3d at 812. However, an adequate search need not locate every relevant document and does not demand perfection. *See Grand Cent. P'ship, Inc.*, 166 F.3d at 489. Further, "[t]he agency is not expected to take extraordinary measures to find the requested records, but only to conduct a search 'reasonably designed to identify and locate responsive documents.'" *Garcia v. U.S. Dep't of Justice, Office of Info. & Privacy*, 181 F. Supp. 2d 356, 368 (S.D.N.Y. 2002) (quoting *Lawyers Comm. for Human Rights v. I.N.S.*, 721 F. Supp. 552, 565 (S.D.N.Y. 1989)). The Second Circuit has held that "[a]n affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy Rule 56(e); there is no need for the agency to supply affidavits from each individual who participated in the actual search." *Carney*, 19 F.3d at 814.

When the agency's affidavits, which are entitled to a presumption of good faith, satisfy its burden, Plaintiff is required to "make a showing of bad faith . . ." or "provide some tangible evidence that an exemption claimed by the agency should not apply . . . ." *Id.* at 812. However, to the extent that FOIA exemptions are applicable, the FOIA "requires courts to balance the rights of citizens to gain access to information that their federal government collects against the privacy interests of individuals and government

employees discussed in the same information." *Perlman v. U.S. Dep't of Justice*, 312 F.3d 100 (2d Cir. 2002) *(*internal citations and quotations omitted*) aff'd on reh'g*, 380 F.3d 110 (2d Cir. 2004) *in light of vacated judgment*, 541 U.S. 970 (2004).

Lastly, a district court has jurisdiction to order the release of nonexempt records only if the Court concludes that the agency "(1) improperly, (2) withheld, (3) agency records." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) ("[U]nless each of these criteria are met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements.").

**B. Reasonable and Adequate Search**

The standard for determining whether a search is adequate is well settled. "A search is considered adequate if it was reasonably calculated to uncover all relevant documents. Reasonableness does not demand perfection, and a reasonable search need not uncover every document in existence. The agency is not expected to take extraordinary measures to find the requested documents." *Kaminsky*, 2010 WL 276184, at *5.

Plaintiff argues that Defendant's search was not adequate because: (1) Plaintiff is in possession of some eighty–five pages of previously released phone records and one of the responsive pages was similar in format to those in Plaintiff's possession and (2) because he has the "common sense" notion that more files should exist in a case that involved drug trafficking and murder. (Pl.'s Opp'n [Doc. # 34] at 1–3.) Plaintiff also argues that the search was not reasonable because the DEA produced no documentation that records were destroyed. (*Id.*)

While the Court is cognizant of Plaintiff's frustration in attempting to locate the information he is seeking, the law is clear as to what constitutes a reasonable and adequate search under the FOIA. Because an agency search need not uncover every relevant document to be adequate under the FOIA, the fact that Plaintiff possessed additional responsive documents that were not disclosed is not sufficient to show that the DEA's search was inadequate. For example, in *Adamowicz*, the plaintiffs possessed responsive files that the government did not produce, but the court concluded that "even if the Government failed to produce every single responsive document, [the p]laintiffs would still not have raised a genuine issue of material fact regarding the adequacy of the Government's search." 672 F. Supp. 2d at 464; *see also Ferguson v. U.S. Dep't of Educ.*, No. 09CIV10057(FM), 2011 WL 4089880, at *10 (S.D.N.Y. Sept. 13, 2011) ("[A]n agency's search may be sufficient under FOIA even if it does not uncover every record that a plaintiff believes is relevant and likely to exist in the agency's files"); *Hornbostel v. U.S. Dep't of Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003) ("[T]he focus of the adequacy inquiry is not on the results.").

Although Attorney Little suggests that a possible reason for the DEA's inability to locate additional toll records is that "telephone toll information is destroyed 10 years after the information is entered into the DEA Tolls system in accordance with a National Archives and Records Administration disposal schedule" (Little Decl. ¶ 51), there is no evidence before the Court that the records in question here were actually destroyed. However, the fact that Plaintiff has in his possession phone toll records that were not disclosed does not support the inference that the DEA still has additional phone toll records that were not released. While the DEA has not offered proof that relevant records were actually destroyed, Defendant's representation in the Little Declaration that such

8

records are destroyed after ten years as a matter of policy is entitled to a presumption of good faith. *See SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) ("Agency affidavits are accorded a presumption of good faith.").

Furthermore, Plaintiff must assert more than his good–faith belief or "common sense" notion that more records exist in order to create a genuine factual dispute as to the adequacy of Defendant's search. *See Santana v. Dep't of Justice*, 828 F. Supp. 2d 204, 209 (D.D.C. 2011) ("Plaintiff here has failed to offer any evidence beyond his own speculation and self–serving statements to overcome the adequate agency affidavits before this [c]ourt."). As the Second Circuit explained in *Carney*, in order to create a genuine dispute as to whether the government's search was adequate "something more than [a plaintiff's] bare allegations [are] needed," and a district court's denial of discovery is appropriate when "faced with a complete lack of tangible proof of [a plaintiff's] allegations." 19 F.3d at 813; *see also Safecard Servs. Inc.,* 926 F.2d at 1201 ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them.").

Defendant searched the DEA Tolls and IRFS databases using the telephone numbers that Plaintiff provided in his January 10, 2012 letter and conducted a physical search of its Bridgeport offices, eventually locating the hard copy of the case file. (*Id.* ¶¶ 51, 54.) Defendant also searched the NADDIS with Plaintiff's identifying information in an attempt to locate additional responsive documents. Further, Attorney Little personally inspected the contents of the hard copy of the case file and discovered additional responsive records that were released to Plaintiff. (*Id.* ¶ 54.) Based on the assertions in the Little Declaration, Defendant's search of its records and databases is, as a matter of law, a reasonably adequate search intended to identify and locate responsive

9

files. Because Defendant has satisfied its burden to show that a reasonable and adequate search was performed, and Plaintiff has failed to put forth any evidence that would rebut the good–faith presumption to which Defendant's affidavits are entitled, summary judgment will be granted as to the adequacy of the Government's search.

**C. Exemptions**

Plaintiff argues that Defendant improperly withheld information under the FOIA exemptions in 5 U.S.C. § 552(b)(7). Defendant withheld: (1) third party names and identifying information (including telephone numbers) under exemption (b)(7)(C); (2) internal markings and identifiers (NADDIS and G–DEP), and names of law enforcement officers under (b)(7)(C–F); (3) the identity of and information provided by a confidential source under (b)(7)(D); and (4) a telephone number assigned to a special agent under (b)(7)(E). (Vaughn Index, Ex. R to Little Decl.) Exemption (b)(7) permits agencies to withhold "records or information compiled for law enforcement purposes,"[4] if the records implicate one or more enumerated risks.[5] 5 U.S.C. § 552 (b)(7); *see also NLRB v.*

---

[4] It is undisputed that the records Plaintiff is requesting were compiled for law enforcement purposes.

[5] 5 U.S.C.A. § 552(b)(7) permits agencies to withhold information:
[O]nly to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose

10

*Robbins Tire & Rubber Co.*, 437 U.S. 214, 221–22 (1978); *Ortiz v. U.S. Dep't of Health & Human Servs.*, 70 F.3d 729, 732 (2d Cir. 1995) (stating that, for Exemption (b)(7) to apply, "the government must demonstrate that (1) the document was compiled for law enforcement purposes, and (2) release of the material would result in one of the harms . . . enumerated in the statute." (citation omitted)).

### 1. Exemption 7(C) [6]

Here, the government withheld identifying information and internal identifiers on the grounds that it "could reasonably be expected to constitute an unwarranted invasion of privacy." 5 U.S.C. § 552(b)(7)(C). Because the exemption in subsection (b)(7)(C) requires the Court to balance the public interest in disclosure against personal privacy interests, "the usual rule that the citizen need not offer a reason for requesting the information must be inapplicable." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004); *see U.S. Dep't. of Justice v. Reporters Comm.*, 489 US 749, 762 (1998). Thus, when subsection (b)(7)(C) is applicable, the requestor "must show that the public interest sought to be advanced is a significant one, an interest more specific than having

---

techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

[6] Plaintiff does not challenge exemptions 7(D) and (E). Additionally, although Plaintiff has stipulated that it would agree to a name redaction with respect to exemption 7(F), the fact that Plaintiff already possesses eighty-five pages of records does not indicate that Defendant waived its right to withhold the information under 7(F). *See Adamowicz*, 672 F. Supp. 2d at 476 (holding that the government did not waive "its right to withhold information under Exemption 7(D) because the Government ha[d] already disclosed the confidential source"). Further, "[t]he strong public interest in encouraging witnesses to participate in future government investigations offsets the weak public interest in learning witness and third party identities." *Perlman*, 312 F.3d at 105.

the information for its own sake. Second, the citizen must show the information is likely to advance that interest." *Favish*, 541 U.S. at 172.

Plaintiff argues that the relevant "public interest is his right to a fair trial and effective assistance of counsel." (Pl.'s Opp'n at 4.) Further, Plaintiff asserts that the withheld phone records will prove that no call was made from phone number 203–372–9653 to 203–373–0780 and that this information will impeach the only eyewitness in his state murder trial. (*Id.*) Plaintiff also argues that "identifying law enforcement personnel is a genuine public interest as it will expose the conduct and administration of DEA investigations . . . and why the government allowed a witness to testify that there was a certain initiating phone call, when the government had evidence that this phone call did not exist." (*Id.* at 5.) However, despite Plaintiff's attempts to categorize it as a public interest, the only interest he identifies is his personal interest in using the requested information to challenge his criminal conviction. "This does not raise a FOIA-recognized interest that should be weighed against the subject's privacy interests." *Triestman v. U.S. Dep't of Justice, Drug Enforcement Admin.*, 878 F. Supp. 667, 669–70 (S.D.N.Y. 1995) ("No public interest outweighs the privacy interests of the DEA agents . . . [h]ere, the only interest significantly served by disclosure is the personal interest of the plaintiff, who seeks information for use in a collateral challenge to his conviction."); *see also Thomas v. Office of U.S. Attorney for E. Dist. of N.Y.*, 928 F. Supp. 245, 251 (E.D.N.Y. 1996) ("[T]he mere possibility that information may aid an individual in the pursuit of litigation does not give rise to a public interest."). Thus, as other courts in this circuit have reasoned, Plaintiff's claimed interest in disclosure is not sufficient to overcome the privacy interest of DEA agents and third–parties named in the case files, and therefore summary judgment will be granted on this issue.

**D. Responsive Records and Segregability**

Defendant argues that it is entitled to summary judgment on the issue of whether the disclosed records were properly segregated under the FOIA. Under the FOIA, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). Although Defendant is "entitled to a presumption that they complied with the obligation to disclose reasonably segregable material . . . [b]efore approving the application of a FOIA exemption, the district court must make specific findings of segregability regarding the documents to be withheld." *Ferrigno v. U.S. Dep't of Homeland Sec.*, 09CIV5878(RJS), 2011 WL 1345168, at *10 (S.D.N.Y. Mar. 29, 2011) (quoting *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116–17 (D.C. Cir. 2007)). "[A] district court clearly errs when it approves the government's withholding of information . . . without making an express finding on segregability." *PHE, Inc. v. Dep't of Justice*, 983 F.2d 248, 252 (D.C. Cir. 1993). In general, a *Vaughn* index "must adequately describe each withheld document, state which exemption the agency claims for each withheld document, and explain the exemption's relevance." *Johnson v. Executive Office for U.S. Att'ys,* 310 F.3d 771, 774 (D.C. Cir. 2002).

Defendant's *Vaughn* index clearly lists each document name, page number, preparer, recipient, purpose of the document, area of the document withheld, material withheld, applicable exemption, and a general description of the withheld content. (*Vaughn* Index, Ex. R to Little Decl.) Nevertheless, in his opposition, Plaintiff objects that the phone record identified as Exhibit D to Plaintiff's opposition and pages twelve through fourteen of the *Vaughn* index, which include information regarding third–party names, identifying information, and telephone numbers, were improperly segregated.

(*See* Pl.'s Opp'n [Doc. # 34–1] at 6.) Specifically, Plaintiff argues that although withholding names may be reasonable segregation, the information in the columns for "Phone," "Creation Date," "Name," "Name 2," "Address," "City," and "State" should not have been withheld. (*See id.*) However, the Court cannot be certain at which level of specificity in the identifying information columns there would be sufficient information for Plaintiff to deduce an individual's identity from the relevant records. As one other district court has reasoned, "[p]ragmatically, the problem . . . is that the [c]ourt can never be certain of how much information if disclosed to the petitioner would enable him to infer the identity of the person whose privacy is involved." *Shaver v. Bell*, 433 F. Supp. 438, 440 (N.D. Ga. 1977). It is therefore plausible that withholding the information in each of the "Phone," "Creation Date," "Name," "Name2," "Address," "City," and "State" columns was necessary to protect the identities and privacy interest of the individuals involved in the investigation. Certainly the release of information in the name, address, and phone number columns would result in the identification of the third–party individuals involved in the investigation. Furthermore, the Court concludes that even the release of the information at a higher level of generality such as that found in the "City" and "State" columns has the potential to make the identification of the information in the "Name" and "Address" columns easier, and therefore threatens the privacy interests of the individuals whose information has been withheld. Thus, because the agency is entitled to a presumption that it has complied with the obligation to disclose all reasonably segregable material,[7] and the *Vaughn* index states with specificity the reasons that the information was withheld, the Court concludes that the information in each of the

---

[7] Plaintiff has failed to cite anything in the record that would rebut the good–faith presumption to which the Government's affidavits are entitled.

columns in Plaintiff's Exhibit D and pages twelve though fourteen of the Vaughn Index was properly segregated. Defendant's motion for summary judgment is therefore granted as to this issue.

**III. Conclusion**

For the reasons discussed above, Defendant's motion for summary judgment [Doc # 27] is GRANTED.

                                      IT IS SO ORDERED.

                                      /s/
                                    Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of August, 2013.